```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  EASTERN DIVISION
```

DAREADELL TERRELL THOMPSON                                PLAINTIFF

VS.                              CIVIL ACTION NO. 4:12CV112TSL-JMR

TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Travelers Indemnity Company of Connecticut (Travelers) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Dareadell Terrell Thompson has responded to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that Travelers' motion is well taken and should be granted.

On February 26, 2010, plaintiff Dereadell Thompson was terminated from his employment as a police officer with the City of Meridian. Following his termination, and after timely filing an EEOC charge, he filed suit in this court against the City under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1983, alleging he was terminated on account of his race and that he was denied a fair appeal of his termination in violation of his Fourteenth Amendment due process rights. The

case was tried in June 2012 and resulted in a jury verdict for the City on both claims.

A month later, on July 13, 2012, Thompson filed the present action against Travelers for negligent misrepresentation, alleging that a proximate, contributing cause of his termination was a letter sent by Travelers to the City in September 2009 in which Travelers, the City's workers' compensation insurer, negligently and falsely reported that Thompson had obtained workers' compensation benefits to which he was not entitled by misrepresenting his work status to Travelers, and further, that after it was brought to plaintiff's attention that a benefits check had been sent to him in error, plaintiff not only failed to return the check as he said he would but cashed it and kept the money.  Travelers argues in its motion for summary judgment that Thompson's claim against it fails as a matter of law for one or more of the following grounds: (1) Thompson is collaterally estopped from relitigating his wrongful termination issue upon which his claim against Travelers is predicated; (2) Travelers' alleged misrepresentations or false statements regarding Thompson's workers' compensation claim were not the proximate cause of Thompson's termination by the City; and (3) Travelers made no material misrepresentations or false statements to the City regarding Thompson's workers' compensation claim.

Travelers is not entitled to summary judgment on ground (1) or ground (3). As to ground (1), Travelers argues that in order for Thompson to succeed on his claim against Travelers, he must necessarily establish that he was wrongfully terminated by the City and yet the jury in his previous lawsuit already found that he was not wrongfully terminated, so that he is collaterally estopped from relitigating this issue. In fact, however, Thompson's suit against the City did not determine whether he was wrongfully terminated. Rather, the issues presented to the jury were whether Thompson was discriminated against because of his race and whether he was denied due process. The jury was not asked to determine and did not determine whether Thompson was wrongfully terminated. There is thus no merit to Travelers' collateral estoppel argument. Travelers' argument as to ground (3) is also without merit, as Thompson has presented evidence that in the court's view is sufficient to create a genuine issue of material fact as to whether Travelers' letter to the City contained material misrepresentations.

However, Travelers is entitled to summary judgment based on ground (2), for in the court's opinion, as a matter of law, Travelers' letter did not proximately cause or contribute to plaintiff's termination. Ultimately, plaintiff was not terminated on the basis that he attempted to defraud Travelers or that he failed to return monies that had received from Travelers in error.

3

Rather, he was terminated because the newly-elected police chief, Lee Shelbourn, concluded, afer reviewing plaintiff's personnel file, that during his tenure with the police department, plaintiff had repeatedly engaged in misconduct, and indeed had committed a number of serious infractions, which Shelbourn believed warranted his discharge. That is, after reviewing plaintiff's file, Shelbourn concluded that plaintiff's history of violations, and the failure of progressive discipline, left him with "no alternative but to terminate [plaintiff's] employment."[1]

Thompson asserts that Travelers' letter was a proximate cause of his termination since it was Travelers' letter which prompted Shelbourn to go back through his personnel file and look at his previous disciplinary infractions, which in turn led to his termination for those infractions. He reasons that if Travelers had not recklessly sent the letter making false charges concerning the workers' compensation claim, Shelbourn would not have gone

---

[1] Shelbourn identified a number of violations in his letter but found that his termination was warranted based on plaintiff's "particular conduct in using your position as a Meridian police officer to obtain the assistance of a law enforcement officer in another jurisdiction to gain unlawful entry to a man's home; using City time and a City vehicle to hang political door hangers in violation of law and your acknowledgment that you knew on-duty political activity is not allowed; and finally, forging the signature of a detective and a judge to obtain a fraudulent subpoena."
   The court notes that in January 2013, Thompson was convicted and sentenced to prison for wire fraud relating to the last listed offense, i.e., forging the signatures of a justice court judge and Meridian detective to obtain a fraudulent subpoena.

through his file and terminated him; and he thus concludes that Travelers' actions were a proximate cause of his termination.

"Proximate cause is a concept which is more accurately defined by reference to the distinct concepts of which it is comprised, which are: '(1) cause in fact; and (2) foreseeability.'" Davis v. Christian Brotherhood Homes of Jackson, Mississippi, Inc., 957 So. 2d 390, 404 (Miss. Ct. App. 2007) (citations omitted). The Mississippi Supreme Court has stated, as a broad proposition, that "[c]ause in fact means that, but for the defendant's negligence, the injury would not have occurred." Huynh v. Phillips, 95 So. 3d 1259, 1263 (Miss. 2012). See also Ogburn v. City of Wiggins, 919 So. 2d 85, 91 (Miss. Ct. App. 2005) ("'Cause in fact' means that the act or omission was a substantial factor in bringing about the injury, and without it the harm would not have occurred.") (citation omitted). But there is more to it than this. In Thompson v. Miss. Central Railroad Co., the Mississippi Supreme Court described the cause-in-fact concept, stating:

> The proximate cause of an injury is that cause which, in
> natural and continuous sequence, unbroken by any
> efficient intervening cause, produced the injury, and
> without which the result would not have occurred; or, as
> otherwise stated, there must be an efficient causal
> connection between the negligence complained of and the
> injury, and that connection must be a natural and
> continuous sequence unbroken by any other cause.

175 Miss. 547, 166 So. 353-54 (1936).  <u>See</u> <u>also</u> <u>Gulledge v. Shaw</u>, 880 So. 2d 288, 293 (Miss. 2004) (stating that "the cause in fact of an injury is that cause which, in natural and continuous sequence unbroken by any efficient intervening cause, produces the injury and without which the injury would not have occurred").

Besides a finding of cause in fact, proximate cause also requires an additional finding of foreseeability.  In the proximate cause context, "[f]oreseeability means that a person of ordinary intelligence should have anticipated the dangers that his negligent act created for others." <u>Johnson v. Alcorn State Univ.</u>, 929 So. 2d 398, 411 (Miss. Ct. App. 2006).

As plaintiff points out, the question whether negligence proximately caused a person's injuries is ordinarily a jury question in Mississippi.  <u>West v. Drury Co.</u>, 412 Fed. Appx. 663, 669 (5th Cir. 2011) (citing <u>Ill. Cent. Gulf R.R. Co. v. Milward</u>, 902 So. 2d 575, 582 (Miss. 2005)).  <u>See</u> <u>also</u> <u>Am. Creosote Works of La. v. Harp</u>, 215 Miss. 5, 12, 60 So. 2d 514, 517 (1952) (stating that "[w]hen reasonable minds might differ on the matter, questions of proximate cause and of negligence and of contributory negligence are generally for determination of [a] jury.").  Here, however, no reasonable or fair-minded juror could find that Travelers' letter was a proximate cause of plaintiff's termination.

First, relative to the issue of cause in fact, the court notes that in his lawsuit against the City, Thompson took the position that he would not have been fired had Bennie Dubose, the black police chief who held office prior to Shelbourn, remained in office.[2] He claimed, in effect, that he was fired because the new white police chief wanted him gone and used the allegations relating to potential workers' compensation fraud as an excuse to look for a reason to fire him. Under this theory, it would seem there is lacking the required "efficient causal connection" between Travelers' negligence and plaintiff's claimed injury; Shelbourn's determination to get rid of plaintiff, and his willingness to dredge up old infractions as a basis to do so, is the cause in fact of plaintiff's injury.

Even if reasonable minds might differ as to whether the circumstances might support a finding that Travelers' alleged negligence was a cause in fact of plaintiff's termination, there is clearly no reasonable basis on which a jury could find in plaintiff's favor on the element of foreseeability. It is perhaps arguable that Travelers could reasonably have foreseen that its letter would prompt an investigation into the circumstances of Thompson's actions surrounding the workers' compensation claim and

---

[2] In his response to the City's motion for summary judgment, Thompson asserted that he "would not have been terminated in the first place if the black police chief had not been replaced by the white police chief."

the allegation that he had received and failed to return a check to which he was not entitled; and Travelers could have foreseen that Thompson might be disciplined, up to and including termination, if the investigation confirmed the facts represented by Travelers.  However, even according to plaintiff, the City knew, prior to his final termination, that he had not attempted to defraud Travelers and that the assertions in Travelers' letter were not accurate.  Clearly, Travelers could not reasonably have foreseen that Thompson would be terminated anyway, based on completely unrelated transgressions for which he had already been disciplined.  Even assuming for the sake of argument that Travelers could have foreseen that its letter would prompt Shelbourn to review plaintiff's disciplinary record, certainly Travelers could not have reasonably anticipated that Shelbourn, in reviewing plaintiff's personnel file, would find therein a record of offenses that would warrant plaintiff's termination, particularly based on past offenses for which plaintiff had already been disciplined.

In sum, it is clear that plaintiff's ultimate termination was proximately caused by his own prior disciplinary actions, not by any action of Travelers.  For this reason, plaintiff cannot prevail on his claim in this cause and Travelers is entitled to summary judgment.

Accordingly, it is ordered that Travelers' motion for summary judgment is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 4th day of October, 2013.

                                        /s/ Tom S. Lee
                                        UNITED STATES DISTRICT JUDGE